**Margaret J. COLLINS, Plaintiff–Appellant,**

v.

**Mary M. MEIKE and Chicago Board of Education, Defendants–Appellees.**

**No. 02–1871.**

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 21, 2002.*

Decided Dec. 2, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, POSNER, and DIANE P. WOOD, Circuit Judges.

## ORDER

Margaret Collins is an African American woman who teaches at Richard Edwards Elementary School in the Chicago Public School system. In December 1999 she filed a complaint in federal district court against Mary Meike, the school's principal, and the Chicago Board of Education alleging that Meike discriminated against her on the basis of her race in first eliminating her position and later assigning her to unwanted teaching positions, in violation of Title VII of the Civil Rights Act and 42 U.S.C. § 1981. The district court dismissed part of her first amended complaint for failure to state a claim, Fed.R.Civ.P. 12(b)(6), and granted summary judgment for the defendants on her remaining claims. She appeals and we affirm.

Collins has taught at Richard Edwards Elementary School since 1995. She alleged that Meike discriminated against her in 1996 by temporarily eliminating her position. That fall the Board's budget office told Meike that she had to eliminate a position at the school, and she chose Collins's position. Collins was reassigned to the Board's central offices, where she received substitute teaching assignments. Collins then filed a successful grievance, which resulted in the Board reopening her old position, reassigning her to it, and giving her back pay and benefits. Collins claims that Meike chose to eliminate her position because she was black, and in support offered an affidavit from her colleague Forestine Jones, who quoted Meike as saying in 1996 that it was easier to eliminate positions held by black teachers like Collins.

Collins alleged further discrimination during the 1999–2000 school year because her sixth grade class was reassigned to white teachers and she was assigned to teach fourth grade, a position for which she had no experience. She was also excluded from teaching a pre-International Baccalaureate gifted student program that white teachers taught.

Although she is not precise about the details, Collins also claimed that Meike retaliated against her and harassed her. Without identifying what action prompted the retaliation, Collins alleged that she had to teach in second-floor classrooms, she had to use the back stairway of the school, she received half the teacher's aid assistance that the white teachers received, and she was allotted fewer school supplies than the white teachers.

The district court dismissed several of Collins's claims under Rule 12(b)(6). The court dismissed as "redundant" the Title VII claim against Meike in her official capacity because the Board was also a party. The court also dismissed the Title VII claim against Meike in her individual capacity because Meike was not an employer for purposes of Title VII. Later, the court granted summary judgment on the remaining § 1981 claim against Meike because Collins presented no evidence that her contract rights were impaired. The court also granted summary judgment on the Title VII claims against the Board because Collins failed to present evidence of an adverse employment action required for disparate treatment or retaliation claims and she failed to demonstrate harassment that was sufficiently severe or pervasive to support a hostile work environment claim.

At the outset we note that appellees have filed a motion to strike Collins's brief and dismiss the appeal because Collins's brief fails to conform to the technical requirements of Federal Rules of Appellate Procedure 28 and 30. Because Collins is proceeding *pro se*, and we can identify several cognizable arguments in her brief,

undeveloped as they may be, we deny the motion and proceed to consider the appeal on the merits. We note that Collins has taken liberties with the record, so we have disregarded any facts in her brief that are not in the record. Our review of Rule 12(b)(6) dismissals and summary judgments is *de novo*. *See Bilow v. Much Shelist Freed Denenberg Ament & Rubenstein, P.C.*, 277 F.3d 882, 891 (7th Cir.2001) (*de novo* review of 12(b)(6) dismissals); *Patt v. Family Health Sys., Inc.*, 280 F.3d 749, 752 (7th Cir.2002) (*de novo* review of summary judgment).

■ Collins first challenges the court's grant of summary judgment to the Board on her disparate treatment and retaliation claims. She argues that the court erred in finding that she presented no evidence to show that she was treated differently from other similarly-situated white teachers. She also argues that the court erred in finding no evidence of retaliation when she presented evidence that Meike failed to honor her teaching preferences. But these arguments fail to address the court's reason for granting summary judgment on her Title VII disparate treatment and retaliation claims–namely that she failed to make a *prima facie* case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), because she had not shown that she suffered an adverse employment action. *See Gordon v. United Airlines, Inc.*, 246 F.3d 878, 885–86 (7th Cir.2001); *Patt*, 280 F.3d at 754–55. We agree with the district court that she failed to present direct evidence of discrimination and that she failed to make out a *prima facie* case under *McDonnell Douglas*. She notes in passing that her temporary reassignment to substitute teaching in 1996 was humiliating, her 1999–2000 teaching assignments were not commensurate with her experience, and the insufficient resources interfered with her classroom performance. Collins may be unsatisfied with her teaching assignments and conditions, but "not everything that makes an employee unhappy is an actionable adverse action." *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir.1996); *Traylor v. Brown*, 295 F.3d 783, 788 (7th Cir.2002). Collins did not suffer a demotion, a failure to promote, a significant job reassignment, or a permanent loss of salary or benefits, and therefore has not demonstrated an adverse employment action. *See Stutler v. Ill. Dep't of Corr.*, 263 F.3d 698, 703 (7th Cir.2001).

■ Collins also argues on appeal that the district court erred in finding that she was not subjected to a hostile work environment. In support, she points to a racially derogatory statement that Meike allegedly made in 1996, and to circumstances in 1999–2000 when Meike refused to supply her needed supplies. The district court granted summary judgment because Collins's alleged harassment was not severe or pervasive enough as to alter her conditions of employment. *Patt*, 280 F.3d at 754. We agree. Meike's 1996 comment to Forestine Jones or the 1999–2000 conditions may be troubling, but they are not so objectively offensive as to alter her conditions of employment. *See, e.g., Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 552 (7th Cir.2002) (one offensive comment combined with several mildly offensive incidents was not sufficient evidence to overturn summary judgment).

Finally, Collins mentions, but fails to develop a cognizable argument that the district court erred in its Rule 12(b)(6) dismissal of her Title VII claims against Meike in her official and individual and official capacities and in its grant of summary judgment to the Board on her § 1981 claim. Even *pro se* litigants must present more than general assertions of error, *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir.2001), and Collins provides no argument that the district court

838

erred in its reasoning or conclusions about these claims.

The judgment of the district court is AFFIRMED.